[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 20, 2009
THOMAS K. KAHN
CLERK

No. 09-11209
Non-Argument Calendar

_____

D.C. Docket No. 08-00088-CV-T-33-TGW

ESSYE L. BROWN,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 20, 2009)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Essye L. Brown was employed by Trinity Food Service ("Trinity"), a food-service contractor for the Hillsborough County Sheriff's Office. In September of 2006, while at the jail where she worked, Brown was sexually assaulted by Randy Pratt, an employee of the Sheriff's Office. Pratt was convicted of sexual battery following a criminal trial. Brown then sued Trinity and the Hillsborough County Sheriff's Office.[1] The original complaint alleged sexual harassment against the Sheriff's Office and retaliation against Trinity. The complaint was subsequently amended several times. The last amendment was allowed by leave of the district court. In the order granting Brown's motion to file the Fourth Amended Complaint, the district court stated, "the plaintiff is cautioned that any further attempts to amend the complaint will be disfavored, as she has had more than ample opportunities to state her claim." (R.1-50 at 2.)

The Fourth Amended Complaint alleged that the Sheriff's Office had deprived Brown of her constitutional rights guaranteed by the Equal Protection Clause and 42 U.S.C. § 1981, (R.1-51 ¶17), and that Trinity had both retaliated against Brown for complaining of the sexual harassment and violated her rights under 42 U.S.C. § 1981. (Id. ¶¶24-25.) Brown's claims against Trinity were dismissed with prejudice based

---

[1]Whether the Hillsborough County Sheriff's Office is a suable entity is a question we need not address.

upon the parties' stipulation for dismissal. Thereafter, the district court granted the Sheriff's Rule 12(b)(6) motion to dismiss for failure to state a claim. (R.1-67.)

Brown now appeals the dismissal of her claims against the Sheriff's Office. Brown's argument on appeal is that she should have been afforded another opportunity to amend her complaint. Brown contends that, if she were allowed to amend her complaint again, she could state a viable claim against the Sheriff's Office under 42 U.S.C. § 1983.

We review the decision to dismiss Brown's Fourth Amended Complaint with prejudice for abuse of discretion. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

We find no abuse of discretion here. Because she had already been allowed to amend her complaint, Brown was not entitled to amend her complaint as a matter of right, notwithstanding the fact that the Sheriff's Office had not filed an answer to the Fourth Amended Complaint. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course . . . .") The district court dismissed Brown's Fourth Amended Complaint only after warning Brown in a previous order that further amendments would be frowned upon because she had enjoyed ample opportunities to state her claim. And, the dismissal occurred three and a half months after the

deadline for amendment of the pleadings imposed by the court's scheduling order. At that time, Brown had not responded to the Sheriff's Office's motion to dismiss with a proposed amendment to the complaint. Neither had she made any attempt to show good cause for her failure to amend her admittedly deficient Fourth Amended Complaint within the period allowed by the court's scheduling order. These facts present sufficient bases for dismissal with prejudice. *See Sosa*, 133 F.3d at 1418-19.

Additionally, we agree with the district court that any further amendment of Brown's complaint would have been futile. Brown did not plead facts from which it could plausibly be inferred that the Sheriff's Office had a custom or policy that was the moving force behind Pratt's sexual assault of Brown. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). More specifically, she cannot plead facts sufficient to raise above the speculative level her argument that the Sheriff's Office was deliberately indifferent to the risk that Pratt posed to women. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007); *McDowell*, 392 F.3d at 1291.

AFFIRMED.

4